**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF GEORGIA**
**MACON DIVISION**

|  |  |  |
|---|---|---|
| **CRUM & FORSTER INDEMNITY CO.,** | ) | |
| | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | **CIVIL ACTION NO. 5:20-cv-101 (MTT)** |
| | ) | |
| **EARLONDEZ BOND,** | ) | |
| | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

**ORDER**

Plaintiff Crum & Forster Indemnity Company moves for default judgment against

Defendant Earlondez Bond.  For the following reasons, that motion (Doc. 9) is

**GRANTED in part** and **DENIED in part**.

**I. BACKGROUND**

The Plaintiff alleges the Defendant executed an agreement to haul petroleum for

Danfair Transport, LLC.  Doc. 5 ¶¶ 7-8, 10.  The agreement provided that the Defendant

shall defend, indemnify and hold harmless Danfair or its agent or employees
against all liabilities, fines, penalties and expense if the Owner/Operator
resulting in release or discharge of hazardous material or product. [sic]

*Id.* 5 ¶ 11; Doc. 5-1 at 2.  The Defendant also agreed to meet minimum insurance

requirements and to reimburse Danfair for any lost, destroyed, or spilled cargo.  Doc. 5

¶¶ 12-14; 5-1 at 3-4.  The Plaintiff alleges that the Defendant never maintained the

required insurance coverage.  Doc. 5 ¶ 17.

On February 7, 2019, the Defendant was involved in a wreck which resulted in

the release of hazardous substances.  *Id.* ¶ 18.  As a result, Danfair had to pay for

environmental cleanup and made a claim under its insurance policy.  The Plaintiff paid

Danfair $126,962.67 for that claim.  *Id.* ¶¶ 19-20; Doc. 11 at 4-12.  The Plaintiff, as

Danfair's subrogee, sought to make a claim against the Defendant's insurer, but

discovered the Defendant did not maintain the coverage required by his agreement with

Danfair.  *Id.* ¶¶ 21-23.  The Plaintiff sued the Defendant for breach of contract and

negligence.  *Id.* ¶¶ 24-34.

The Defendant did not file an answer, and the Plaintiff moved for default

judgment.  While that motion was pending, the Court received an email from a paralegal

whom the Plaintiff's counsel had instructed to inquire when the motion would be ruled

on.  In response to the paralegal's email, the Court informed counsel that there were

several issues with the motion, specifically with the contract claim and the claim for

attorney's fees.  Doc. 10 at 1-2.

In response to the letter, the Plaintiff filed a supplemental brief and affidavit.  It

also abandoned the claims for attorney's fees.

## II. DISCUSSION

Pursuant to Fed. R. Civ. P. 55(a), the Clerk of Court must enter a party's default

if that party's failure to plead or otherwise defend an action against it "is shown by

affidavit or otherwise."  After default has been entered, the Clerk may enter a default

judgment on the plaintiff's request if the claim "is for a sum certain or a sum that can be

made certain by computation," as long as the party is not a minor or incompetent and

has not made an appearance.  Fed. R. Civ. P. 55(b)(1).  In all other cases, the plaintiff

must apply to the Court for a default judgment.  Fed. R. Civ. P. 55(b)(2).  The Court

must hold an evidentiary hearing to determine damages unless all the essential

evidence is already on the record.  *See S.E.C. v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005) ("We have held that no such hearing is required where all essential evidence is already of record."); *see also* Fed. R. Civ. P. 55(b)(2) ("The court *may* conduct hearings . . . ." (emphasis added)).

After the Clerk's entry of default, a defendant is deemed to admit all well-pleaded factual allegations in the complaint.  *Nishimatsu Const. Co., Ltd. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]  An entry of default against the defendant does not establish that the plaintiff is entitled to a default judgment, however.  The defendant is not deemed to admit (1) facts that are not well-pleaded or (2) conclusions of law.  *Id.* "The Court must consider whether the unchallenged facts constitute a legitimate cause of action, since the party in default does not admit a mere conclusion of law.  In considering any default judgment, the Court must consider (1) jurisdiction, (2) liability, and (3) damages."  *Johnson v. Rammage*, 2007 WL 2276847, at *1 (M.D. Ga.) (citing *Pitts v. Seneca Sports, Inc.*, 321 F. Supp. 2d 1353, 1356 (S.D. Ga. 2004)).  The defendant is not deemed to admit the plaintiff's allegations relating to the amount of damages.  *Patray v. Nw. Publ'g, Inc.*, 931 F. Supp. 865, 869 (S.D. Ga. 1996); *see also Anheuser Busch, Inc. v. Philpot*, 317 F.3d 1264, 1266 (11th Cir. 2003) ("A court has an obligation to assure that there is a legitimate basis for any damage award it enters . . .").

## A. Jurisdiction

The factual allegations in the complaint and the attached documents establish that the Plaintiff is a corporation with citizenship in New Jersey, the Defendant is an individual with citizenship in Georgia, and the amount in controversy is more than

---

[1] The Eleventh Circuit has adopted as binding precedent the decisions of the former Fifth Circuit rendered prior to October 1, 1981.  *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc).

$75,000.  Doc. 5. ¶¶ 2, 4.  Accordingly, the Court has subject-matter jurisdiction pursuant to 28 U.S.C. § 1332(a).  Further, the Court has personal jurisdiction over the Defendant, who lives in Macon, Georgia and was served in Macon, Georgia.  *Id.* ¶ 4; Doc. 7 at 1.

**B. Liability**

The Plaintiff has not demonstrated it is entitled to judgment on the contract claim. It is still not clear exactly what the nature of that claim is.  Although the amended complaint mentions an indemnification clause, it does not assert a claim for indemnification.  Doc. 5 ¶ 11.  Perhaps that is because the indemnification clause contains obvious drafting errors.[2]  Rather, the contract claim is based on the Defendant's failure to maintain insurance required by the contract.  However, the Plaintiff fails to show that the contractually required insurance would have covered the cleanup fees and would have allowed Danfair to recover.  Accordingly, that claim fails.

The Court's letter also noted potential issues with the proof that the Plaintiff is Danfair's subrogee.  Doc. 10 at 1.  However, the complaint's allegation that the Plaintiff is a subrogee (Doc. 5 ¶ 21) and its insurance policy with Danfair (Doc. 12-1), attached to the supplemental brief, establish that it is a subrogee.

The Plaintiff also asserts a negligence claim.  Docs. 5 ¶¶ 28-34.  Specifically, it alleges that the Defendant operated the vehicle unsafely, causing the single-vehicle accident.  *Id.* ¶¶ 17-19, 29-33.  The Court deems those allegations admitted, which establishes the Defendant was negligent.  Further, that negligence resulted in the

---

[2] The clause required the Defendant to indemnify Danfair "if the Owner/Operator resulting in release or discharge of hazardous material or product."  Doc. 5-1 at 2.  That provides no basis for holding the Defendant liable.  Confusingly, the Plaintiff continued to argue an indemnification theory in its brief (Doc. 9-1 at 1) and an affidavit (Docs. 9-3 ¶ 4).

discharge of hazardous chemicals, and the Plaintiff incurred damages in cleanup fees. The Court finds the Plaintiff has established a negligence claim.

## C. Damages

The Plaintiff has also proved it suffered damages in an amount of $126,962.67. Doc. 11 ¶ 9, at 4-12.  The company which performed environmental cleanup, First Call Environmental, billed $136,962.67 to Danfair, and the Plaintiff compensated Danfair in an amount of $126,962.67.  Accordingly, the Plaintiff has established damages in an amount of $126,962.67.

The Plaintiff's proposed judgment also includes postjudgment interest at a rate of 12%.  Doc. 9-4.  The Plaintiff makes no attempt to justify that amount, and the Court can find no basis for it.

## III. CONCLUSION

For the reasons noted above, the Plaintiff's motion for default judgment is **GRANTED in part** and **DENIED in part**.  It is **GRANTED** as to liability on the negligence claim and compensatory damages in the amount of $126,962.67, but **DENIED** as to attorney's fees and the requested 12% postjudgment interest.

**SO ORDERED**, this 7th day of January, 2021.

S/ Marc T. Treadwell
MARC T. TREADWELL, CHIEF JUDGE
UNITED STATES DISTRICT COURT